1  REBECCA M. ARAGON, Bar No. 134496
   raragon@littler.com
2  LITTLER MENDELSON, P.C.
   633 West Fifth Street, 63rd Floor
3  Los Angeles, California 90071
   Telephone: (213) 443-4300
4  Facsimile: (213) 443-4299

5  Alison L. Tsao, State Bar No. 198250
   atsao@cdflaborlaw.com
6  Connor J. Moyle, State Bar No. 250384
   cmoyle@cdflaborlaw.com
7  CAROTHERS DISANTE &
   FREUDENBERGER LLP
8  601 Montgomery Street, Suite 350
   San Francisco, California 94111
9  Telephone: (415) 981-3233
   Facsimile: (415) 981-3246

Attorneys for Defendant
SKY CHEFS, INC., a Delaware business entity

(Parties continued on next page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAUNDRA JOHNSON and HANIFA HABIB individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC., a Delaware Business entity,<br><br>Defendants. | CASE NO. 11-CV-05619-LHK<br><br>*Assigned to Hon. Lucy H. Koh*<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER**<br><br>TAC Filed: January 29, 2013<br>Trial:      October 21, 2013 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
2  HARRIS & RUBLE
   6424 Santa Monica Blvd.
3  Los Angeles, CA 90038
   Tel: 323.962.3777
4  Fax: 323.962.3004
   E-Mail: aharris@harrisandruble.com
5
   Attorneys for Plaintiffs
6  SAUNDRA JOHNSON and HANIFA HABIB

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1. **PURPOSE OF PROTECTIVE ORDER:**

Discovery activity in the above-entitled action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for purposes other than prosecuting or defending this litigation is warranted. Such information is likely to include, among other things, private personnel information of current and former employees of Defendant Sky Chefs, Inc.'s ("Defendant") and proprietary and financial information of Defendant. Accordingly, the parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order ("Order").

The parties acknowledge that this Order does not confer blanket protections on all documents, information, or responses to discovery and that the protection it affords extends only to the limited information and items that are entitled to treatment as confidential under applicable law.

This Order does not in any way impact the protections from discovery provided by the attorney-client privilege or the attorney work product doctrine or any other objection. This Order shall not enlarge, concede, abrogate or diminish any privilege, or any statutory or other legal obligation or right of any individual or entity with respect to Discovery Materials, as defined herein.

2. **DEFINITIONS.**

   (a) <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors and employees.

   (b) <u>Counsel</u>. "Counsel" means:

   (i) Littler Mendelson and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

   (ii) Carothers DiSante & Freudenberger and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(iii)   Harris & Ruble and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(c)   <u>Discovery Material</u>.  "Discovery Material" means any information, document, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof.

(d)   <u>Designating Party</u>. "Designating Party" means a Party to this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

(e)   <u>Receiving Party</u>. "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

(f)   <u>Confidential Information</u>.  "CONFIDENTIAL INFORMATION" is defined herein as information (regardless of how generated, stored, or maintained) or tangible things reflecting confidential or sensitive proprietary, business or commercial information or personal information of current and former employees of Defendant, including contact information of any current and former employee of Defendant, other than Plaintiffs Saundra Johnson and Hanifa Habib.

(g)   <u>Attorneys' Eyes Only Information</u>. "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as CONFIDENTIAL INFORMATION which constitutes, discloses, reveals, describes or discusses, in whole or in part, information of an extraordinary highly confidential a and/or proprietary nature. Such designation shall not be used routinely or to gain advantage in this litigation, but rather shall be used only in cases where the protections afforded by the CONFIDENTIAL designation are insufficient and where disclosure to another Party or nonparty would create a potential for harm or a substantial risk of serious injury or harm, including to

Defendant's business interest, and information about any Party's net worth, financial statements or budgets.

(h) <u>Protected Material</u>. "Protected Material" means any Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential" or "Attorneys' Eyes Only" in accordance with Paragraphs 3(a) and 3(b) below.

(i) <u>Jury Consultant</u>. "Jury Consultant" means an established professional in the field of jury consultancy and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(j) <u>Graphics Vendor</u>. "Graphics Vendor" means an established professional in the field of graphics preparation and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(k) <u>Independent Expert</u>. "Independent Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist counsel in the preparation and/or trial of this action and who is not employed by a Party, or any affiliate of any Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

3. <u>DESIGNATION OF PROTECTED MATERIAL</u>.

(a) Any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such Party. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter

3.

and marked "CONFIDENTIAL" on each page. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph 4(a), it shall first redact all pages designated CONFIDENTIAL.

(b) Any portion of any document, any information produced on magnetic disks or other computer-related media, and oral testimony produced or given in this action that is asserted by any Party to contain or constitute ATTORNEYS' EYES ONLY information shall be so designated either by the Producing Party, or the Designating Party (if different). Each page of each document, and the front of each disk, shall be marked on its face with the legend "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting ATTORNEYS' EYES ONLY INFORMATION shall be separately bound by the court reporter and marked ATTORNEYS' EYES ONLY on each page. If the Receiving Party wishes to show non-ATTORNEYS' EYES ONLY portions of a document or transcript containing ATTORNEYS' EYES ONLY INFORMATION to a person or party not described below in Paragraph 4(b), it shall first redact all pages designated ATTORNEYS' EYES ONLY. All designations of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be made on or before the time of the production of the information, except in the case of a production made by a third party to the action. In such case, a Designating Party may make such designation within seven days of receipt of such production. For a period of seven days from the date of such production, the information shall be treated as if it was produced pursuant to a designation of ATTORNEYS' EYES ONLY.

4. <u>ACCESS TO PROTECTED MATERIAL</u>.

(a) In the absence of written permission from a Designating Party or an order of the Court, any CONFIDENTIAL INFORMATION produced or designated in accordance with the provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not

be disclosed to or discussed with any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party including necessary support personnel of counsel; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; (d) Jury Consultants, Graphics Vendor, and Independent Experts who are engaged for the purpose of this action by the Party receiving the information and their support personnel, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; (e) certified court reporters taking testimony involving such CONFIDENTIAL INFORMATION, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; and (f) the individual who authored or prepared the PROTECTED MATERIAL.

    (b) In the absence of written permission from a Designating Party or an order of the Court, any ATTORNEYS' EYES ONLY INFORMATION produced in accordance with the provisions of Paragraph 3(b) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party including necessary support personnel of counsel; (b) certified court reporters taking testimony involving such ATTORNEYS' EYES ONLY INFORMATION and their support personnel, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; (c) Jury Consultants, Graphics Vendors, and Independent Experts who are engaged for the purpose of this action by the party receiving the information and their support personnel, provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A"; and (d) the individual who authored or prepared the PROTECTED MATERIAL.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

(c) <u>Custody of Protected Material</u>. All documents containing information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of Counsel for the parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that (i) Jury Consultants, Graphics Vendors, and Independent Experts may retain documents containing Protected Material on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case, and (ii) the Parties to the action may retain documents containing CONFIDENTIAL INFORMATION on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to qualified persons.

(d) <u>Independent Expert</u>. Subject to the provisions of this Order, all Protected Material may be disclosed to any Independent Expert who has agreed on the record of a deposition to be bound by this Order or have signed the Nondisclosure Agreement attached hereto as "Attachment A." Counsel need not identify the prospective expert to the other parties, except as ordered by the Court or as required by the Federal Rules of Civil Procedure.

(e) <u>Jury Consultant/Graphics Vendors</u>. Subject to the provisions of this Order, all Protected Material may be disclosed to Jury Consultants and Graphics Vendors provided they have signed in advance of the disclosure the Nondisclosure Agreement attached hereto as "Attachment A." Counsel need not identify the prospective Jury Consultant or Graphics Vendor to the other parties.

(f) <u>Acknowledgement of Protective Order</u>. Before obtaining access to any Protected Material covered by this Protective Order, any qualified person who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement

attached as "Attachment A," indicating that they have read and understood this Protective Order and agree to be bound by its terms.

(g) <u>Disclosure Pursuant to Consent</u>. Protected Material also may be disclosed to anyone so authorized by prior written consent of the Designating Party.

(h) <u>Conduct of Deposition</u>. Where testimony at a deposition involves disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Protective Order.

(i) <u>Disclosure of Confidential Transcripts to the Deponent</u>. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Nondisclosure Agreement attached hereto as "Attachment A".

(j) The limitation on disclosure contained in this Protective Order shall not apply to documents or information that (i) were already in the possession of the Receiving Party with the consent of the Designating Party; or (ii) are or become published or available in a lawful manner that is not in violation of this Protective Order. Nothing in this Protective Order shall be deemed to restrict in any way any party's own documents or information, or his or its attorneys with respect to that party's own documents or information.

5. <u>COURT PROCEDURES</u>.

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this action any Discovery Materials designated as CONFIDENTIAL INFORMATION OR ATTORNEY'S EYES ONLY INFORMATION. A party that seeks to file under seal any Discovery Materials designated CONFIDENTIAL INFORMATION OR ATTORNEY'S EYES ONLY INFORMATION must comply

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

with Civil Local Rule 79-5 and General Order 62. Nothing herein shall require a party seeking to file Discovery Materials under seal to meet and confer with the party who designated such Discovery Materials as CONFIDENTIAL INFORMATION OR ATTORNEY'S EYES ONLY INFORMATION prior to filing the Discovery Materials with the Court, provided that the party files such Discovery Materials in a manner consistent with Civil Local Rule 79-5 and General Order 62. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the PROTECTED MATERIALS at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Discovery Materials under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

6. **HANDLING OF PROTECTED MATERIAL.**

(a) Before a court reporter receives any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, he or she first shall have read this Order and agreed in writing or on the record to be bound by the terms thereof.

(b) Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analysis of Protected Material for use in connection with the above-entitled litigation and such working copies, abstracts, digests and analysis shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

(c) If a Party through inadvertence produces any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8.

or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Party which has provided notice as set forth herein shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things. The Receiving Party's disclosure, prior to the receipt of notice of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order. If such efforts are unsuccessful, the Receiving Party shall notify the Party which has provided notice as set forth herein of the disclosure and the identity of the person or entity to whom the disclosure was made.

(d) A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

(e) A former employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party which pertains to the period or periods of the former employee's employment.

(f) Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

INFORMATION of a Producing Party which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

(g) If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be designated as containing such information by no later than fourteen (14) days after the date of the Designating Party's Counsel's receipt of the deposition transcript, which designation shall be in writing served on all parties. Otherwise, such transcript shall not be subject to this Protective Order.

7. <u>DESIGNATION NOT DETERMINATIVE OF STATUS</u>.

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be determinative of that material's status as a trade secret or proprietary information. All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged. Within fourteen (14) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party, or forever waive the protections of this Order with respect to the challenged information. However, a Party may seek to shorten the fourteen (14) day period to substantiate the basis of a confidentiality designation to ten (10) days if such Party can establish, and the other Parties agree, that the shortened ten (10) day period is necessary due to impending law and motion matters. The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If the dispute cannot be resolved, the Party seeking to maintain the designation may seek appropriate relief from the Court. If such relief is not sought within thirty (30) days after the letter substantiating the designations were sent to the Receiving Party, the Protected Material shall be re-designated in accordance with the challenging party's

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

proposed designation as set forth in the letter referenced herein by the challenging Party. The burden of proof shall be on the Party claiming confidentiality. Any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

8. **RIGHT TO FURTHER RELIEF.**

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

9. **RIGHT TO ASSERT OTHER OBJECTIONS.**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

10. **FINAL DISPOSITION.**

Within ninety (90) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-party as containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and all copies, summaries and abstracts thereof, and shall return such documents and things to the Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, hearing and deposition transcripts, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Protected Material.

11. **NO CONTRACT**

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

12. **SURVIVAL OF OBLIGATIONS.**

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

1  jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and
2  to make such amendments and modifications to this Order as may be appropriate.

3  13. EXECUTION AND COUNTERPARTS.

4  This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

**IT IS SO STIPULATED.**

DATED: MARCH 21, 2013

/s/
Rebecca M. Aragon
Anthony G. Ly
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SKY CHEFS, INC.

DATED: MARCH 21, 2013

CAROTHERS DISANTE & FREUDENBERGER LLP

/s/
ALISON L. TSAO
CONNOR J. MOYLE
Attorneys for Defendant
SKY CHEFS, INC.

DATED: MARCH __, 2013

HARRIS & RUBLE

ALAN HARRIS
PRIYA MOHAN
Attorneys for Plaintiffs

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

13. **EXECUTION AND COUNTERPARTS.**

This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

**IT IS SO STIPULATED.**

DATED:      MARCH __, 2013

Rebecca M. Aragon
Anthony G. Ly
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SKY CHEFS, INC.

DATED:      MARCH __, 2013          CAROTHERS DISANTE & FREUDENBERGER LLP

ALISON L. TSAO
CONNOR J. MOYLE
Attorneys for Defendant
SKY CHEFS, INC.

DATED:      MARCH 20, 2013          HARRIS & RUBLE

ALAN HARRIS
PRIYA MOHAN
Attorneys for Plaintiffs

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12.

<del>[PROPOSED]</del> ORDER

<del>PURSUANT TO STOPULATION, IT IS SO ORDERED.</del>

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 22, 2013

*Lucy H. Koh*
HONORABLE LUCY H. KOH
United States District Court Judge

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

# ATTACHMENT A
# NONDISCLOSURE AGREEMENT

As a condition to inspecting or otherwise using documents and information produced in the action captioned *Saundra Johnson, et al. v. Sky Chefs, Inc.*, Case No. CV11-05619, I certify that I have read the attached Protective Order ("Order") regarding the handling of documents and information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and hereby agree to make no use of such documents and/or information except as permitted by the Order, to make no disclosure of such documents and/or information to persons other than those who may have access thereto under such Order, to return all originals and all copies of such documents and/or information when required to do so under such Order, and otherwise to be bound by all of the terms and provisions of the Order.

DATED: _____        SIGNED:_____

                                                                PRINT NAME: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300