*E-FILED: May 24, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SAUNDRA JOHNSON and HANIFA Habib individually, and on behalf of all others similarly situated,

                Plaintiffs,

    v.

SKY CHEFS, INC.,

                Defendant.

_____/

No. C11-05619 LHK (HRL)

**ORDER ON DISCOVERY DISPUTE JOINT REPORT NO. 1**

**[Dkt. 82]**

Plaintiffs Saundra Johnson and Hanifa Habib sue for themselves and on behalf of a putative

class for unpaid minimum wages, overtime wages, and liquidated damages under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 206, *et al.*, overtime and minimum wages, continuing wages,

unpaid reporting time and vacation wages, restitution, injunctive relief, damages pursuant to Title

25, Chapter 25.11 of the City of San Jose, California, Municipal Code, civil penalties, and attorneys'

fees and costs.  Plaintiffs seek to represent four classes of individuals:

> 1) all employees tendered a final paycheck in California by or on behalf of defendant Sky Chefs, Inc. ("Sky Chefs") during the period of four years preceding the filing of this action to the date of the filing of the motion for class certification ("Final Wage Class");
>
> 2) all non-exempt employees tendered a paycheck in California by or on behalf of defendant in the State of California during the period from three years prior to the filing of this action to the date of the filing of the motion for class certification ("226 Class");
>
> 3) all employees of defendant who worked at the Norman Y. Mineta San Jose International Airport ("Airport") during the period from January 1, 2009 to the date of the filing of the motion for class certification who were not paid in compliance with the City of San Jose's Living Wage Policy as codified in City of San Jose, California, Municipal Code Title 25, § 25.11.100 *et seq.* ("Living Wage Class"); and

United States District Court
For the Northern District of California

4) all non-exempt employees of defendant who worked at the Airport during the period from four years prior to December 20, 2012 to the date of the filing of the motion for class certification ("Rest Break and Overtime Class").

Plaintiffs also bring this action as a collective action on behalf of all individuals who, at any time during the three years preceding December 20, 2012, were or have been employed as non-exempt workers by defendant at the Airport.  ("Collective Action Members").

Plaintiffs filed a complaint in state court about a year-and-a-half ago, and only alleged violations of state law.  Defendant removed the action, asserting jurisdiction based on diversity and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Following some motion practice, plaintiffs filed a Third Amended Complaint ("TAC"), which added a claim for relief under the FLSA.

Before the Court is a Discovery Dispute Joint Report that debates whether defendant is obligated to provide putative class member contact information prior to class certification.  In February 2013, plaintiffs propounded their First Set of Requests for Production of Documents seeking, among other things, the names and contact information of putative members of the Living Wage Class, and the Rest Break and Overtime Class.  Plaintiffs then requested that defendant turn over to a third-party administrator the names and contact information for all current and former non-exempt employees who worked at the Airport from January, 2009 to date.  Plaintiffs sent a proposed opt-out notice with this request.

Defendant objects to these requests, arguing that the putative class members have a privacy interest in their personal contact information and must affirmatively consent to the release of their information.  Defendant further argues that any disclosure should be limited to the names and contact information for non-exempt employees who worked in the catering department, because named plaintiffs Johnson and Habib worked exclusively in defendant's catering department.

Courts generally recognize the need for pre-certification discovery relating to class issues.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.").  Whether or not

United States District Court
For the Northern District of California

1  such discovery will be permitted, however, and the scope of any discovery that is allowed, lies

2  within the court's sound discretion. *Id.; Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D.

3  Cal. 2006). "'[D]iscovery often has been used to illuminate issues upon which a district court

4  must pass in deciding whether a suit should proceed as a class action under Rule 23, such as

5  numerosity, common questions, and adequacy of representation.'" *Del Campo*, 236 F.R.D. at

6  459 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57

7  L.Ed.2d 253 (1978)). Plaintiffs bear the burden of advancing a prima facie showing that the

8  class action requirements of Rule 23 are satisfied, or that discovery is likely to produce

9  substantiation of the class allegations. *Id.* The court balances the putative class counsel's need for

10  the requested information against defendant's asserted objections. *Nguyen v. Baxter Healthcare*

11  *Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011).

12  The TAC alleges both federal claims and state law claims. Federal law applies to privilege-

13  based discovery disputes involving federal claims, even if supported by pendant state law claims.

14  *Martinez v. City of Stockton*, 132 F.R.D. 677, 681-83 (E.D.Cal.1990); *but see Jaffee v. Redmond*,

15  518 U.S. 1, 15, n. 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (noting disagreement among the

16  circuits concerning the proper rule in cases where relevant evidence would be privileged under state

17  but not federal law). State law applies to privileged-based discovery disputes involving state claims

18  in a federal action based on diversity jurisdiction. Fed. R. Evid. 501; *Star Editorial, Inc. v. United*

19  *States Dist. Court for the Cent. Dist. of Cal. (Dangerfield)*, 7 F.3d 856, 859 (9th Cir.1993).

20  Both federal law and California's state law recognize a right to privacy. "Federal Courts

21  ordinarily recognize a constitutionally-based right of privacy that can be raised in response to

22  discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995). "Resolution of a

23  privacy objection or request for a protective order requires a balancing of the need for the

24  information sought against the privacy right asserted." *Id.* While putative class members have

25  privacy interests in their personal contact information, disclosure has been permitted where

26  plaintiffs show a legitimate need. *Id. Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507

27  (C.D. Cal. 2011). In California, the right to privacy is set forth in 563 Article I, Section I of the

28  California Constitution. California courts have treated the right to privacy as a privilege in the

3

United States District Court
For the Northern District of California

discovery context, and, as such, have determined it is a right subject to invasion depending upon the circumstances.  *See, e.g., Heller v. Norcal Mutual Ins. Co.*, 8 Cal. 4th 30, 42-44, 32 (1994); *Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994).  Thus, "the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought." *Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (E.D.Cal.1999); *see also Pioneer Elecs. v. Superior Court*, 40 Cal. 4th 360, 371-75 (2007) (balancing privacy rights of putative class members with discovery rights of civil litigants).   When privacy rights are involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced."  *Lanz v. Superior Court*, 28 Cal. App. 4th 1839, 1853-54 (1994).  So, under both federal and state law, the Court must balance the putative class counsel's need for the requested information against defendant's asserted objections, including the privacy rights of potential class members.

Here, to demonstrate their "compelling" or "legitimate" need for the subject discovery, plaintiffs make the general assertion that the information is relevant, that they have the right to conduct discovery on class certification issues, and that the information they seek is authorized. Plaintiffs state that they are "preparing for class certification and must establish numerosity, commonality, typicality and adequacy," but they do not explain how the information they seek will help them to establish any of these elements.  Plaintiffs argue that the use of an opt-in procedure will prevent them from receiving the information before they file their motion for certification, but they never explain why the information is necessary, or even helpful, in the first place.  Plaintiffs state that they have a "legitimate need" for this information, but they fail to articulate this need. Plaintiff's vague and unsupported assertion does not outweigh the privacy rights of potential class members.[1]

/

/

/

---

[1] Further, plaintiffs have already received the names and addresses for 52 putative class members, and, defendant has agreed to provide information directly bearing on numerosity by providing the specific number of employees falling within the various categories that plaintiffs claim are relevant to their determination of the number of employees in the proposed classes.

1    In light of plaintiffs' failure to explain how the names and contact information of putative

2  class members will assist plaintiffs in moving for class certification, the Court declines to order

3  defendant to produce this information prior to a finding on class certification.

4    **IT IS SO ORDERED.**

5  Dated: May 24, 2013

6

7  _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**C11-05619 LHK (HRL) Order will be electronically mailed to:**

Alan Dale Harris law@harrisandruble.com, dsh@northbaylawgroup.com, dzelenski@harrisandruble.com, pmohan@harrisandruble.com

Alison Le Tsao atsao@cdflaborlaw.com, askaggs@cdflaborlaw.com, mchon@cdflaborlaw.com

Anthony Gerald Ly aly@littler.com, jnewcombcarter@littler.com

Connor Joseph Moyle cmoyle@cdflaborlaw.com, mgillespie@cdflaborlaw.com

Priya Mohan pmohan@harrisandruble.com

Rebecca Maria Aragon raragon@littler.com, jhandressor@littler.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**