*E-FILED: May 28, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SAUNDRA JOHNSON and HANIFA HABIB individually, and on behalf of all others similarly situated,

    Plaintiffs,

  v.

SKY CHEFS, INC.,

    Defendant.

No. C11-05619 LHK (HRL)

**ORDER ON DISCOVERY DISPUTE JOINT REPORTS NOs. 2-3**

**[Dkt. 83, 84]**

Plaintiffs Saundra Johnson and Hanifa Habib sue for themselves and on behalf of a putative class for unpaid minimum wages, overtime wages, and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, *et al.*, overtime and minimum wages, continuing wages, unpaid reporting time and vacation wages, restitution, injunctive relief, damages pursuant to Title 25, Chapter 25.11 of the City of San Jose, California, Municipal Code, civil penalties, and attorneys' fees and costs. Plaintiffs seek to represent four classes of individuals:

    1) all employees tendered a final paycheck in California by or on behalf of defendant Sky Chefs, Inc. ("Sky Chefs") during the period of four years preceding the filing of this action to the date of the filing of the motion for class certification ("Final Wage Class");

    2) all non-exempt employees tendered a paycheck in California by or on behalf of defendant in the State of California during the period from three years prior to the filing of this action to the date of the filing of the motion for class certification ("226 Class");

    3) all employees of defendant who worked at the Norman Y. Mineta San Jose International Airport ("Airport") during the period from January 1, 2009 to the date of the filing of the motion for class certification who were not paid in compliance with the City of San Jose's Living Wage Policy as codified in City of San Jose, California, Municipal Code Title 25, § 25.11.100 *et seq.* ("Living Wage Class"); and

> 4) all non-exempt employees of defendant who worked at the Airport during the period from four years prior to December 20, 2012 to the date of the filing of the motion for class certification ("Rest Break and Overtime Class").

Plaintiffs also bring this action as a collective action on behalf of all individuals who, at any time during the three years preceding December 20, 2012, were or have been employed as non-exempt workers by defendant at the Airport. ("Collective Action Members").

Plaintiffs filed a complaint in state court about a year-and-a-half ago, and only alleged violations of state law. Defendant removed the action, asserting jurisdiction based on diversity and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Following some motion practice, plaintiffs filed a Third Amended Complaint ("TAC"), which added a claim for relief under the FLSA. Before the Court are two Discovery Dispute Joint Reports that debate whether defendant is obligated to provide certain discovery prior to class certification.

**Discovery Dispute Joint Report #2**

In February 2013, plaintiff Habib propounded her First Set of Requests for Production of Documents. Request Nos. 34, 35, and 36 seek defendant's records regarding time keeping, compensation, and the scheduling of hours for its non-exempt employees. Defendant objects to these requests, arguing that they seek information about potential damages, as opposed to class certification. Defendant also objects on the grounds that these requests are overbroad, unduly burdensome, and seek private information.

Courts generally recognize the need for pre-certification discovery relating to class issues. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Whether or not such discovery will be permitted, however, and the scope of any discovery that is allowed, lies within the court's sound discretion. *Id.; Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "'[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'" *Del Campo*, 236 F.R.D. at

459 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978)). Plaintiffs bear the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations. *Id.* The court balances the putative class counsel's need for the requested information against defendant's asserted objections. *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507 (C.D. Cal. 2011).

Here, plaintiffs fail to carry their burden to show that the requested discovery is likely to produce substantiation of the class allegations. Plaintiffs make the vague assertion that the requested discovery will "show the commonal[i]ty and typicality of their employment *vis a vis* other employees," but they do not explain how the information they seek will help them to establish either of these elements. Defendant, on the other hand, makes compelling arguments to the contrary. For example, Defendant states that the requested time keeping records and pay stubs will not substantiate claims for missed rest periods because defendant's employees take their rest breaks on the clock -- rest breaks are therefore not reflected in defendant's time keeping records or employees' pay stubs. Similarly, defendant argues that the overtime and minimum wage claims based on allegations that plaintiffs worked while not clocked in will not be supported by timekeeping records and pay stubs, which do not reflect work performed off of the clock. As for plaintiffs' claim for vacation pay, which is based on a dispute over the validity of defendant's vacation pay policy, defendant has already produced its vacation policies. Production of other employees' time records, pay stubs, or meal and rest break scheduling is not likely to advance class allegations on the claim for vacation pay. Finally, defendant has already agreed to provide information directly bearing on numerosity by providing the specific number of employees falling within the various categories that plaintiffs claim are relevant to their determination of the number of employees in the proposed classes. Plaintiffs did not address any of these issues.

Though the requested discovery appears to be relevant to a damages calculation, or to the case generally, plaintiffs have not convinced the Court that they are entitled to the requested information prior to class certification. Accordingly, the Court denies plaintiffs' request to compel

production of documents in response to Requests for Production Nos. 34, 35, and 36, prior to a finding on class certification.

**Discovery Dispute Joint Report #3**

In May 2012, plaintiff Johnson propounded her First Set of Requests for Production of Documents. After a series of meet and confer efforts and several responses, the parties still dispute Request No. 45, which seeks all communications with the City of San Jose, including communications about the Norman Y. Mineta San Jose International Airport Living Wage Ordinance of the San Jose Municipal Code.

Here again, plaintiffs fail to carry their burden to show that the requested discovery is likely to produce substantiation of the class allegations. Plaintiffs state that, pursuant to an agreement between defendant and non-party the City of San Jose, defendant was required to provide the City with a list of all employees who were paid certain back-pay. Plaintiffs also state that defendant was required to provide to the City of San Jose a list of all former employees who were given written notice of their entitlement to this back-pay, along with the last known addresses of these former employees, and the amounts owed to them. Plaintiffs want copies of these lists. As to any other documents covered by Request No. 45, plaintiffs only assert that the requested information is "relevant," and needed to "establish numerousity and to demonstrate that Plaintiffs' experiences are typical of those of other employees of Defendant."

For its part, defendant states that it already produced one of the lists specifically mentioned by plaintiffs, and that plaintiffs themselves produced the other list. Defendant additionally argues that the information sought by the request is not even relevant to the legal question presented by plaintiffs' claim under the San Jose Living Wage Ordinance: whether defendant owes plaintiffs and the putative class members any additional money based on the Living Wage Ordinance (defendant admits that it did not pay its employees pursuant to the terms of the Living Wage Ordinance). As to whether plaintiffs need the documents to establish numerousity, defendant states that plaintiff already knows the number of people impacted by the settlement agreement with the City over the living wage ordinance, because it already possesses the list described above. Additionally,

1 defendant states that plaintiffs have already accepted their offer to submit the number of individuals
2 impacted by the settlement agreement with the City.
3     Plaintiffs have failed to convince the Court that they are entitled to any other documents
4 covered by Request No. 45 prior to class certification. Accordingly, the Court denies plaintiffs'
5 request to compel production of documents in response to Request No. 45, prior to a finding on
6 class certification.

7 **IT IS SO ORDERED.**

8 Dated: May 28, 2013



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C11-05619 LHK (HRL) Order will be electronically mailed to:**

Alan Dale Harris law@harrisandruble.com, dsh@northbaylawgroup.com, dzelenski@harrisandruble.com, pmohan@harrisandruble.com

Alison Le Tsao atsao@cdflaborlaw.com, askaggs@cdflaborlaw.com, mchon@cdflaborlaw.com

Anthony Gerald Ly aly@littler.com, jnewcombcarter@littler.com

Connor Joseph Moyle cmoyle@cdflaborlaw.com, mgillespie@cdflaborlaw.com

Priya Mohan pmohan@harrisandruble.com

Rebecca Maria Aragon raragon@littler.com, jhandressor@littler.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**