**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAUNDRA JOHNSON and HANIFA HABIB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY CHEFS, INC., a Delaware business entity, and DOES ONE through and including DOES ONE HUNDRED,<br><br>Defendants. | CASE NO. 5:11-CV-05619-LHK<br><br>ORDER RE DEFICIENCIES IN REVISED PROPOSED CLASS NOTICE SUBMITTED AUGUST 28, 2013<br><br>[Re: ECF No. 137] |

On August 22, 2013, the Court heard the parties' motion seeking (1) preliminary approval of a class action settlement, (2) conditional certification of settlement classes pursuant to Federal Rule of Civil Procedure 23, and (3) conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  *See* ECF No. 136.

Plaintiffs claim that Defendant has violated California labor laws, and Plaintiffs seek to settle those state law claims on behalf of four classes of individuals: the Final Wage Class, the 226 Class, the Living Wage Class, and the Rest Break and Overtime Class.  If those classes are certified under Rule 23, all class members will be bound by any subsequent judgment in this case unless they opt out of the lawsuit.  *See Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir.

2013). Plaintiffs also claim that Defendant has violated federal labor law, that is, the FLSA, and Plaintiffs seek to settle that claim on behalf of the Rest Break and Overtime Class. If that class is certified under the FLSA, class members will not benefit from or be bound by any subsequent judgment in this case unless they affirmatively opt in to the lawsuit. *See id*.

At the hearing, the Court expressed concern that the proposed class notice, *see* ECF No. 132-2, did not give adequate notice that with respect to the Rest Break and Overtime Class there is both a Rule 23 opt out class and a FLSA opt in class. The Court requested that counsel revise the proposed class notice to address this deficiency.

On August 28, 2013, the parties filed a revised proposed class notice. *See* ECF No. 137. Having reviewed this document, the Court concludes that it still does not give adequate notice that the Rest Break and Overtime Class encompasses both a Rule 23 opt out class and a FLSA opt in class. The Ninth Circuit has acknowledged the "practical concern" that class members may be confused when both Rule 23 classes and FLSA classes are litigated in the same action, and has indicated that district courts should "work[ ] out an adequate notice in this type of case." *Busk*, 713 F.3d at 530 (internal quotation marks and citation omitted) (alteration in original). Accordingly, this Court cannot grant the parties' motion unless and until the proposed class notice adequately explains the parties' rights and obligations.

The parties may submit a second revised proposed class notice on or before September 6, 2013. Such notice should explain clearly, in language that may be understood by non-lawyers, that the lawsuit alleges violations of California labor laws on behalf of the four identified classes of individuals; that those individuals will be bound by any judgment in this case unless they opt out of the lawsuit; and that those individuals who are in the Living Wage Class and/or the Rest Break and Overtime Class must submit timely claim forms in order to receive a monetary benefit. Such notice also should explain that the lawsuit alleges violation of the FLSA *only* on behalf of the Rest Break and Overtime Class; and that individuals in the Rest Break and Overtime Class will not receive additional benefits under the FLSA or be bound by any judgment as to the alleged violation of the FLSA unless they affirmatively opt in to the lawsuit. The notice should provide the full title and citation of the FLSA the first time it is mentioned. Finally, the parties should ensure that "see page

_" references are accurate. On pages 1 and 2 of the revised proposed class notice, class members are directed to particular pages for further explanations of their rights, but those pages do not contain the explanations in question.

As it indicated at the hearing, the Court is inclined to grant the parties' motion for preliminary approval of the class action settlement and to conditionally certify the proposed settlement classes and collective action. The Court will review the parties' second revised proposed class notice promptly upon its submission.

**IT IS SO ORDERED.**

Dated: August 30, 2013

                                               *Lucy H. Koh*
LUCY H. KOH
United States District Judge