IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAUNDRA JOHNSON and HANIFA HABIB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKY CHEFS, INC., a Delaware business entity,<br><br>Defendant. | CASE NO. 5:11-CV-05619-LHK<br><br>ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION; AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASSES<br><br>[Re: ECF No. 130] |

On August 22, 2013, the Court heard the parties' motion seeking (1) preliminary approval of a class action settlement, (2) conditional certification of settlement classes pursuant to Federal Rule of Civil Procedure 23, and (3) conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* *See* ECF No. 136.

Plaintiffs claim that Defendant has violated California labor laws, and Plaintiffs seek to settle those state law claims on behalf of four classes of individuals:

a. The Final Wage Class: All employees tendered a final paycheck in California by or on behalf of Defendant in the State of California during the period of four years preceding the filing of this action through the date of the signing of the Settlement Agreement, that is, the period of

October 18, 2007 through August 22, 2013.

b. The 226 Class: All non-exempt employees tendered a paycheck in California by or on behalf of Defendant in the State of California during the period of October 18, 2008 through the date of the signing of the Settlement Agreement on August 22, 2013.

c. The Living Wage Class: All employees of Defendant who worked at Defendant's Norman Y. Mineta San Jose International Airport facility during the period of January 1, 2009 through the date of the signing of the Settlement Agreement, August 22, 2013, who were not paid in compliance with the City of San Jose's Living Wage Policy as codified in City of San Jose, California, Municipal Code title 25, § 25.11.100 et seq.

d. The Rest Break and Overtime Class: All non-exempt employees of Defendant who worked at Defendant's Norman Y. Mineta San Jose International Airport facility during the period of four years prior to December 20, 2012 through the date of the signing of the Settlement Agreement, that is, the period of December 20, 2008 through August 22, 2013.

Plaintiffs also claim that Defendant has violated federal labor law, that is, the FLSA, and Plaintiffs seek to settle that claim on behalf of the Rest Break and Overtime Class.

Having read and considered the Settlement Agreement, having considered the proposed methods of notification to the Classes, and in particular the revised proposed Class Notice submitted to the Court on September 6, 2013, having reviewed the moving papers, and good cause appearing, the Court finds as follows:

1. The Settlement Classes conditionally certified herein meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b).

2. The Settlement Agreement is fair, reasonable, and adequate.  It is unclear from the record whether any members of the Final Wage Class and the 226 Class have viable claims.  Moreover, to the extent those members do have viable claims, those members would also be members of the Living Wage Class and the Rest Break and Overtime Class.  The monetary benefit to the members of the Living Wage Class and the Rest Break and Overtime Class is real and substantial.  Furthermore, the Court notes that the parties reached settlement only two days before Plaintiffs'

2

CASE NO. 5:11-CV-05619-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

motion for class certification and Defendant's motion for summary judgment were scheduled to be heard. In preparing to hear those motions, the Court became familiar with the strengths and weaknesses of the parties' positions, and it has considered those strengths and weaknesses, as well as the unsettled nature of applicable case law, in concluding that the proposed settlement is fair, reasonable, and adequate.

     3. The Settlement Agreement merits submission to the Settlement Classes for consideration pursuant to Rule 23 of the Federal Rules of Civil Procedure.

     4. The revised proposed form of Class Notice submitted to the Court on September 6, 2013 is adequate; its proposed method of delivery to the Settlement Classes constitutes the best notice practicable of the hearing for final approval of the Settlement Agreement, of the terms of the Settlement Agreement, of the amount to be requested for attorneys' fees and costs, and of the other matters set forth in the Class Notice; it constitutes valid, due, and sufficient notice to all persons in the proposed Settlement Classes and it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

     Accordingly, IT IS HEREBY ORDERED that:

     1. For the purpose of implementing and enforcing the proposed Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the requested Settlement Classes are conditionally certified and this case is certified as a collective action.

     2. The revised Class Notice submitted to the Court on September 6, 2013, ECF No. 139, and the claim form attached as Exhibit 3 to the Supplemental Declaration of Alan Harris, ECF No. 132-3, are approved for delivery to Settlement Class members.

     3. Alan Harris and Priya Mohan of Harris & Ruble, are appointed as Class Counsel.

     4. Plaintiffs are conditionally certified as class representatives.

     5. A final approval hearing shall be held before this Court at 1:30 p.m. on Thursday, January 9, 2014, at the U.S. District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, California 95113. At the final approval hearing, the Court will determine (a) whether the Settlement Agreement should be finally approved

as fair, reasonable, and adequate; (b) whether a judgment approving the Settlement Agreement and dismissing the Lawsuit should be entered; and (c) whether Class Counsel's attorneys' fees and costs, Plaintiffs' incentive payments, and the Claims Administrator's fees and costs should be approved.

6. No later than twenty-eight days before the final approval hearing, Class Counsel shall file a motion for final approval of the Settlement Agreement. No later than the date that the Class Notice is delivered to the Class, Class Counsel shall file a motion for attorneys' fees and costs. The motion for attorneys' fees and costs shall be heard on the date set for the final approval hearing.

7. Gilardi & Co., LLC is appointed as the Claims Administrator. The Claims Administrator shall mail the Class Notice to Class Members pursuant to the procedure outlined in the Settlement Agreement.

8. Any person who timely objects to the Settlement Agreement pursuant to the procedures outlined therein may appear and be heard at the final approval hearing, either in person or through counsel hired at his or her own expense, provided that he or she has notified the Claims Administrator of an intent to appear on or before the final date for submission of claims. If an objector wishes to make written arguments in support of his or her objection, those arguments should be filed with the Court and served on all counsel no later than twenty-eight days before the final approval hearing.

9. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to Class Members.

10. If for any reason the proposed Settlement Agreement is terminated by its terms, or if final approval of the Settlement Agreement does not occur, this Order conditionally certifying the Settlement Classes shall be vacated automatically.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

4

CASE NO. 5:11-CV-05619-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT